UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAZMIN RIVAS AVALOS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF SESSIONS, et al.,<br><br>    Defendants. | Case No. 18-cv-02342-HSG<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

Petitioner Jazmin Rivas Avalos is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE") pending the conclusion of her removal proceedings. On April 18, 2018, Ms. Rivas Avalos filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2243 in which she asks the Court to order her release from custody or to order a bond hearing before an Immigration Judge ("IJ"). Dkt. No. 1 ("Petition").

Having reviewed the completed briefing, the Court finds this matter suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the petition is **DENIED**.

I. **BACKGROUND**

Ms. Rivas Avalos is a Mexican citizen who has lived in the United States for 28 years. Petition ¶ 10; Dkt. No. 10-1, Ex. A. In early 2015, Ms. Rivas Avalos pleaded guilty to domestic abuse, Penal Code 273.5(a). Dkt. No. 10-1, Exs. A, C, F. Ms. Rivas Avalos was taken into ICE custody on December 11, 2017 as a result of her 2015 conviction. Dkt. No. 10 ¶ 7. Due in part to delays arising from Ms. Rivas Avalos's selection of new counsel, a merits hearing before an IJ to determine her removal status has been set for June 25, 2018, which will be approximately six and a half months after Ms. Rivas Avalos was initially detained by ICE. Dkt. No. 10 ¶¶ 9–13.

## II. PETITION FOR WRIT OF HABEAS CORPUS

### A. Detention of Non-Citizens Under § 1226(c)

Multiple provisions within the Immigration and Nationality Act govern the detention of non-citizens awaiting removal from the United States. The parties do not dispute that Ms. Rivas Avalos is being detained under section 1226(c). Petition ¶ 15; Dkt. No. 9 ("Return") at 1–3; Dkt. No. 11 ("Traverse") at 1–2. Section 1226(c) mandates that the Department of Homeland Security detain non-citizens who have been convicted of certain offenses. 8 U.S.C. § 1226(c). Non-citizens detained under 1226(c) may only be released if such a release "is necessary to provide protection to a witness…[or] a person cooperating with an investigation into major criminal activity… and the [non-citizen] will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding." 8 U.S.C. § 1226(c)(2). Ms. Rivas Avalos does not claim to be subject to this exception.

### B. Legal Framework

The Supreme Court recently held in *Jennings v. Rodriguez* that "§ 1226(c) makes clear that detention of [non-citizens] within its scope *must* continue pending a decision on whether the [non-citizen] is to be removed from the United States." *Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018) (internal quotation marks omitted). *Jennings* did not create new law on this issue. As applied to section 1226(c), *Jennings* is consistent with *Zadvydas v. Davis*, 533 U.S. 678 (2001), on which Ms. Rivas Avalos premises her petition. *Zadvydas* applies specifically to *indefinite* detention and not to "detention pending a determination of removability," which has a defined termination point. *See Zadvydas*, 533 U.S. at 697; Traverse at 2 (acknowledging that *Zadvydas* "specifically addresses indefinite detention.").

Petitioner also cites to *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008) for the proposition that detention under section 1226(c) is limited to removal proceedings that are "expeditious." Traverse at 2. In *Casas*, the court considered the seven-year detention of a permanent resident first under section 1226(c) during his initial removal proceedings, and then under section 1226(a) while he appealed the order of removal. *Casas*, 535 F.3d at 944–48. The

court explained that non-citizens "detained under § 1226(c) are not given a bond hearing before an IJ," and, applying *Demore v. Kim*, 538 U.S. 510 (2003), reasoned that section 1226(c) "authorize[s] mandatory detention only for the 'limited period of [the noncitizen's] removal proceedings.'" *Casas*, 535 F.3d at 946, 950 (quoting *Demore*, 538 U.S. at 530). The court thus concluded that section 1226(c)'s mandatory detention "was intended to apply for only a limited time" and ends when the BIA affirms an order of removal. *Id.* at 948.

In *Tijani v. Willis*, also cited by Petitioner, the Ninth Circuit noted that the constitutionality of detaining a lawful permanent resident under section 1226(c) for over 32 months was "doubtful." *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005). However, the court avoided deciding the constitutional issue by interpreting "the authority conferred by § 1226(c) as applying to *expedited* removal of criminal [non-citizens]." *Id.* (emphasis added). The court, finding that "[t]wo years and eight months of process is not expeditious," remanded and directed the lower court to grant habeas relief unless the government provided a bond hearing before an immigration judge within sixty days. *Id.*

### C. Application to Ms. Rivas Avalos

Ms. Rivas Avalos's detention is not indefinite. One way or another, her section 1226(c) detention is scheduled to end following the June 25, 2018 hearing, placing her firmly within the mandatory detention period described in *Jennings*, *Zadvydas*, and *Casas*. *See Jennings*, 138 S. Ct. at 846; *Zadvydas*, 533 U.S. at 697; *Casas*, 535 F.3d at 950.[1] Further, Ms. Rivas Avalos's period of detention has not yet become so prolonged as to implicate the concern articulated in *Tijani* (even assuming *Tijani* remains controlling law post-*Jennings*). Ms. Rivas Avalos is correct to note that the multiple continuances she has sought do not deprive her of her constitutional right to

---

[1] This Court has found that *Jennings* overruled *Casas* with respect to its application of the doctrine of constitutional avoidance. *See* Dkt. No. 12 at 1 (citing *Mercado-Guillen v. Nielsen*, No. 18-CV-00727-HSG, 2018 WL 1876916, at *3 (N.D. Cal. Apr. 19, 2018)). As described above, *Casas* did not apply the doctrine of constitutional avoidance in its analysis of the mandatory detention required by section 1226(c) prior to the completion of removal proceedings. *See* 535 F.3d at 951 ("§ 1226(c) does not authorize prolonged mandatory detention *after an alien's administrative proceedings are complete*. Rather, these aliens are detained under the Attorney General's broader grant of discretionary authority under § 1226(a).") (emphasis added). The reasoning of *Casas* is therefore still relevant with respect to non-citizens held under section 1226(c) prior to the completion of their administrative removal proceedings, as is the case here.

3

due process.  *See* Traverse at 1; *Manley v. Delmonte*, No. 17-CV-953, 2018 WL 2155890, at *2 (W.D.N.Y. May 10, 2018) (noting that "petitioner should [not] be punished or blamed for seeking additional review of administrative and judicial decisions.").  The Court does, however, consider Ms. Rivas Avalos's own delay in evaluating the length of her detention.  *See id.* at 2–3 (noting that delay caused by petitioner's litigation strategy "does not ripen his detention into a constitutional claim.").  As a result, the Court cannot conclude at this time that Ms. Rivas Avalos has been unconstitutionally detained, and Ms. Rivas Avalos's petition for a writ of habeas corpus is therefore **DENIED**.[2]  The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 5/25/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] This denial is without prejudice to Petitioner raising a claim after her section 1226(c) detention concludes, or a later claim based on prolonged section 1226(c) detention.